HEMPinnu, Ch. J.
In relation to the first ground assigned, we are of opinion that, there is sufficient certainty in the allegations, as to the rate of interest and to the fact that the cause of action bore interest, to admit of proof to that (‘licet. The petition shows that the note was payable in New York, and charges that the defendants are indebted in its amount, with interest, and by amendment avers that the legal rale of interest in the State of New York at the lime of the making of the note was seven per cent. The necessary inference from and plain meaning of these averments is, that seven per cent, was the legal rate of interest on the cause of action at the time of its accrual.
Wo are of opinion that the second ground of error was well assigned. The right to recover interest on claims for money was not recognized at common law; and in countries where that system is the basis of their jurisprudence interest is generally the creature of the statute. The plaintiff had averred that there was a legal rate of interest in New York, evidently meaning that the rate was established bylaw; and if so, parol evidence was inadmis- ■ sible to establish the fact. If the rate of interest depended upon usage which had the force of law, it was susceptible of proof by parol, but it should have been proven as a usage. The evidence does not conduce to prove any fact from which a legal conclusion might be deduced as to the rate of interest. It does not prove either the existence of a law or of a usage by which such rate is established. It is in itself a conclusion of law, and not the proof of a fact, ■and the objection to its admission should have been sustained.
Beversed and remanded.